United States District Court
Southern District of Texas
**ENTERED**
August 13, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| FEDERICO JUAREZ, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 2:20-CV-00024 |
| § | |
| LORIE DAVIS, § | |
| § | |
| Respondent. § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Federico Juarez is an inmate in the Texas Department of Criminal Justice and is currently incarcerated at the Terrell Unit in Rosharon, Texas. Proceeding *pro se*, Juarez filed an original habeas corpus petition pursuant to 28 U.S.C. § 2254 on January 13, 2020.[1] (D.E. 1). Juarez raises four claims regarding violations of his Fourth, Fifth, Sixth and Fourteenth Amendment rights during his state proceedings. Respondent filed a motion for summary judgment contending that the § 2254 petition was untimely, to which Juarez has responded. (D.E. 22, 23). As discussed more fully below, it is respectfully recommended that Respondent's motion for summary judgment be granted and Juarez's habeas corpus petition be dismissed as untimely. It is further recommended that a Certificate of Appealability ("COA") be denied.

**I.    JURISDICTION**

This court has jurisdiction pursuant to 28 U.S.C. § 1331 and venue is appropriate

---

[1] Juarez stated under penalty of perjury that he placed his petition in the prison mail system on January 13, 2020, and it is considered filed as of that date. *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998), and Rule 3, Rules Governing Section 2254 Cases (discussing the mailbox rule).

because Juarez was convicted in Jim Wells County, Texas. 28 U.S.C. § 2254(a); 28 U.S.C. § 124(b)(6); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

## II.  BACKGROUND

### a.  Petition and Claims

In his petition, Juarez first contends that the state violated his Fourth, Fifth, Sixth, and Fourteenth Amendment rights because he was forced into accepting a plea deal due to the circumstances surrounding his case, including that his first conviction for the offense and resulting life sentence were overturned. (D.E. 1 at 6). Second, he argues that counsel was ineffective for failing to raise a double jeopardy objection, failing to file a motion to quash the indictment, and failing to request a directed verdict. (*Id.*). Third, he argues that the state violated *Brady v. Maryland*, 373 U.S. 83 (1963), by withholding an affidavit of non-prosecution and misleading the jury. (*Id.* at 7). Finally, Juarez asserts that the state has failed to fulfill their end of the plea agreement because he was supposed to be exempt from the sex offender registration requirements. (*Id.*).

Juarez states that he is raising these claims for the first time in this § 2254 petition because his counsel did not advise him of how to appeal the conviction and he accepted the plea deal because it was impossible to prepare a defense. (*Id.* at 8). As to timeliness, he states that he was unaware that his rights were violated until now and that he is illiterate and dyslexic. (*Id.* at 9).

### b.  State Court Records

In May 2011, Juarez was charged in an indictment with aggravated sexual assault of a child and kidnapping. (D.E. 21-4 at 1). In February 2013, he was convicted by a

jury of aggravated sexual assault of a child, in violation of Tex. Penal Code § 22.021(a)(2)(B), and sentenced to life imprisonment. (*Id.* at 2).

With new counsel, Juarez filed both a notice of appeal with the Fourth District Court of Appeals and a motion for a new trial with the trial court. (*Id.* at 4, 6-7). The trial court granted the motion for a new trial. (*Id.* at 9). The court of appeals accordingly dismissed the appeal as moot. (D.E. 21-2 at 6-7).

Juarez subsequently pleaded no contest to aggravated sexual assault of a child, in violation of Tex. Penal Code § 22.021(a)(1)(B). (D.E. 21-4 at 10). On January 28, 2015, he was sentenced to 11 years' imprisonment pursuant to a binding plea agreement, and judgment was entered on the same day. (*Id.* at 10-11, 14-17). Because it was a plea bargain case, the trial court noted that Juarez had no right of appeal. (*Id.* at 20). Juarez did not file a direct appeal.[2]

Juarez has not filed an application for a writ of habeas corpus in state court under Article 11.07 of the Texas Code of Criminal Procedure. (*See* D.E. 1 at 3-4).

### III. DISCUSSION

In the motion for summary judgment, Respondent contends that Juarez's claims are barred by the statute of limitations. (D.E. 22 at 6-7). Specifically, Respondent argues that the judgment became final 30 days after it was entered on February 27, 2015, and Juarez was accordingly required to file his § 2254 petition by February 27, 2016. (*Id.* at 7). Respondent asserts that Juarez is not entitled to statutory tolling because he has not

---

[2] Juarez indicates in his petition that he did file a direct appeal. (*See* D.E. 1 at 3). However, based on the date, he is referencing the initial direct appeal that was dismissed as moot when his motion for a new trial was granted.

3

filed any state applications for habeas corpus, and further has not established that he is entitled to equitable tolling. (*Id.* at 7-9). Alternatively, Responent contends that Juarez's claims should be dismissed unexhausted or denied on the merits. (*Id.* at 9-18).

Juarez responds that he could not timely file his § 2254 because he is illiterate, dyslexic, and in state custody with only law library materials at his disposal. (D.E. 23 at 1-2). He contends that because he never filed a state application for habeas corpus, the statute of limitations never began to run. (*Id.* at 2). Juarez also addresses the Respondent's alternative arguments. (*Id.* at 2-3).

A one-year limitation period applies to an application for a writ of habeas corpus filed by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of either: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States was removed; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court; or (4) the date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence. *Id.* § 2244(d)(1).

A notice of direct appeal of a criminal conviction must be filed within 30 days after the sentence is imposed. Tex. R. App. P. 26.2(a).

The time during which a properly filed state collateral review application is pending is not counted toward the limitation period. 28 U.S.C. § 2244(d)(2). A state habeas petition filed after the limitation period ends does not toll the limitation period

4

under § 2244(d)(2). *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

The timeliness provision in § 2244(d) is also subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 634 (2010). A petitioner is entitled to equitable tolling only if he can show that: (1) he has been diligently pursuing his rights; and (2) some extraordinary circumstance stood in his way. *Id.* at 649. Such a circumstance exists where, for example, the plaintiff was misled by the defendant about the cause of action or was otherwise prevented in some extraordinary way from asserting his rights. *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002). A standard claim of excusable neglect is insufficient. *Id.* Ignorance of the law generally does not excuse prompt filing, even for a *pro se* prisoner. *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000). The failure to satisfy the limitation period must result from "external factors" beyond the petitioner's control, and delays caused by the petitioner do not qualify. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006).

"Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). The Fifth Circuit and other circuits have concluded that dyslexia and learning disabilities, without a greater explanation of their effect on a petitioner, do not qualify as extraordinary circumstances. *See, e.g., Shank v. Vannoy*, 2017 WL 6029846 at *2 (5th Cir. 2017); *Hemenway v. Washington*, 409 F. App'x 93, 94 (9th Cir. 2010); *Springer v. Benik*, 134 F. App'x 961, 963 (7th Cir. 2005).

5

Here, Juarez's § 2254 petition is untimely, and he has not established that he is entitled to statutory or equitable tolling. He had 30 days to file a direct appeal following the imposition of the sentence on January 28, 2015. (*See* D.E. 21-4 at 10); Tex. R. App. P. 26.2(a). Because he did not file a direct appeal, his conviction became final at the expiration of those 30 days on February 27, 2015. His time to file a § 2254 petition expired one year later on February 29, 2016.³ 28 U.S.C. § 2244(d)(1). He has not asserted that any of the other potential start dates for the statute of limitations apply, nor do any of them appear to apply based on the claims in the petition. As to statutory tolling, Juarez has never filed a state habeas application and thus is not entitled to tolling. 28 U.S.C. § 2244(d)(2).

Finally, Juarez has not established that he is entitled to equitable tolling because he has not shown any extraordinary circumstance that prevented him from filing his § 2254 petition earlier. *Holland*, 560 U.S. at 649. To the extent that Juarez argues that he is proceeding *pro se* and did not know about the required process, ignorance of the law does not generally excuse prompt filing, even for a *pro se* prisoner. *Felder*, 204 F.3d at 172. This is at best a claim of excusable neglect, but excusable neglect is insufficient to establish that a prisoner is entitled to equitable tolling. *Lookingbill*, 293 F.3d at 264. Further, to the extent that Juarez argues that he is illiterate or dyslexic, he has not explained the effect that had on his ability to timely file his petition, and several circuits, including the Fifth Circuit, have concluded that learning disabilities do not qualify as an extraordinary circumstance. *See Shank*, 2017 WL 6029846 at *2; *Hemenway*, 409 F.

---

³ February 27, 2016, was a Saturday and 2016 was a leap year.

App'x at 94; *Springer*, 134 F. App'x at 963. In particular, Juarez has not explained how this resulted in him filing his petition almost four years late.

Alternatively, even if Juarez is entitled to equitable tolling, his claims are unexhausted because he has never raised them in state court, and his petition should be dismissed without prejudice on that ground so that he may file a state habeas application. *See* 28 U.S.C. § 2254(b)(1)(A); *Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990).

## IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Juarez has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (stating that a district court may *sua sponte* rule on a COA).

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Where a district court rejects the claims on procedural grounds, a petitioner must show that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right; and (2) the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, reasonable jurists would not find it debatable that Juarez's claims are time-barred. Therefore, it is further recommended that any request for a COA be denied

7

because he has not made the necessary showing for such issuance.

## V.    RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Respondent's motion for summary judgment (D.E. 22) be GRANTED. Juarez's § 2254 petition should be DISMISSED as untimely. In addition, it is further recommended that any request for a Certificate of Appealability be DENIED.

Respectfully submitted this 13th day of August, 2020.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).